[Crim. No. 246.   First Appellate District.—September 19, 1910.]

## THE PEOPLE, Respondent, v. FRANK GORMAN, Appellant.

CRIMINAL LAW—ROBBERY—IDENTITY OF DEFENDANT—SUPPORT OF VERDICT.—Upon a review of the evidence, upon a trial for robbery, it is held that the contention of the defendant, upon appeal, that the verdict is not supported by the evidence, as not sufficiently identifying the defendant as the person who committed the robbery, is entirely without merit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Geo. H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Spagnoli & Spagnoli, for Appellant.

U. S. Webb, Attorney General, C. M. Fickert, District Attorney, and James F. Brennan, Assistant District Attorney, for Respondent.

HALL, J.—Defendant was charged with the crime of robbery and with having suffered a prior conviction of the crime of manslaughter. Upon his arraignment he admitted the charge of prior conviction to be true, and upon his trial he was found guilty of the crime of robbery. Upon judgment being pronounced against him he appealed from the judgment and the order denying his motion for a new trial.

The point principally relied upon for a reversal is that the verdict is not supported by the evidence, in that the defendant, as it is claimed, is not by the evidence sufficiently identified as the person who committed the robbery. The contention is entirely without merit.

The evidence shows that on the morning of the seventeenth day of April, 1909, two masked men, armed with pistols, entered the office of the Thomson Bridge Company at 103 Main street, between Mission and Howard streets in San Francisco, and finding the bookkeeper, one Rosengreen, alone, securely bound and gagged him. Shortly after this was done Mr. James M. Thomson returned to the office from the bank bringing a sack of money containing $3,200 with which to pay the workmen of the company for their week's labor. Thomson dropped the sack of coin on the counter, and immediately discovered the two masked men, with pistols pointed at him. One of the men had a pistol in each hand, while the other had but one pistol. Thomson attempted to draw his own pistol, and was immediately shot through the arm, and again through the chest. A third shot was fired at him, which scorched his neck and set his overcoat on fire. Thomson then escaped to the street, going down a stairway to the sidewalk, and was closely followed by the two men. On reaching the sidewalk he saw one of the men run toward Howard street. He turned and saw a second man come out of the stairway, holding a gun in one hand and the sack of coin under his left arm, partly hid under his coat, which he observed had a rent under the left shoulder. He saw this man run to a buggy, just around the corner from Main street, on Mission street, and throw the sack of coin into the buggy. At this point Thomson shot at the man, who returned the fire, and jumped into the buggy and drove away. While the man was at the buggy Thomson saw his face, and testified that the face was that of the defendant. A Mr. White also saw Thomson come out of the stairway bleeding and wounded, followed quickly by a man with a gun and a sack of something under his arm. White saw this man run to the buggy on Mission street, throw in the sack, exchange shots with Thomson, jump into the buggy and drive away. White immediately jumped into his own buggy about twenty feet away and followed this man, stopping only to pick up a police officer, Mr. Dowd. White

and the officer followed the man in the buggy, without losing sight of him, until he was caught and arrested, upon his flight being checked by a jam of vehicles in the street. The man thus pursued and arrested proved to be the defendant. Upon his arrest there was recovered and taken from the buggy the sack of coin ($3,200). He had upon him and in the buggy two pistols, a small pistol fully loaded, and a large Colt's revolver containing four empty shells and two cartridges. He wore a coat with a rent under the left shoulder, which Thomson testified to be the coat worn by the man who carried the sack of coin to the buggy. White testified that he never lost sight of the man who came out of the stairway with the sack under his arm until he was arrested. Upon his arrest the defendant gave no explanation of his flight, or possession of the sack of coin, but did say that he wished he had been shot and all thus ended.

Other evidence was given by other witnesses, but what we have stated is quite sufficient to show that defendant is one of the men who committed the robbery of which he was convicted.

We have examined the other points presented by appellant's brief, but we do not consider that any of them are of sufficient importance to require particular discussion.

We find no error in the record, and the judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 27, 1910.